# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Alden A. Thomas, Sr.,

      Plaintiff

v.

California Department of Correction and
Rehabilitation, et al.,

      Defendants

Case No.: 2:17-cv-02877-JAD-PAL

**Order Denying Motion and
Dismissing Action**

[ECF No. 13]

On July 23, 2018, I ordered Alden A. Thomas, Sr. to file a proper complaint and to either (1) pay the $400 filing fee or (2) submit a fully completed IFP application.[1]  Instead of doing any of these things, Thomas returns my order to me "Rejected for Cause"[2] and moves "for relief of judgment" under Rule 60(b), arguing that his action is not a civil action but a request "to enforce a lawful Judgment rendered by a Tribal Court . . . ."[3]  Because my prior order was not a judgment subject to challenge under Rule 60(b) of the Federal Rules of Civil Procedure, I liberally construe his motion as one for reconsideration, and I deny it.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[4]  Thomas has not established any of these bases for reconsideration.  He argues that he filed this action merely for the court to enforce

---

[1] ECF No. 11.

[2] ECF No. 13 at 19.

[3] *Id.* at 13.

[4] *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *accord* D. Nev. LR 59-1.

a fourteen million dollar judgment he claims that he has against the California Department of Correction and Rehabilitation based on a 2014 ruling by a court captioned "Adjudicator Court," which purports to be part of "the unincorporated United States of America."[5]  And though he insists that his action is not one that requires the court to do anything because the clerk of court can enter the judgment he is requesting, Thomas has not persuaded me that my prior order was manifestly unjust or based on clear error, so I deny his motion.

Because Thomas has not filed a proper complaint to commence this action, and because he has failed to pay the fee required to maintain a civil action in this district or moved to proceed in forma pauperis, I dismiss this case.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

---

[5] ECF No. 1-1 at 18.

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing the plaintiffs' claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[10] And that warning was given here.[11] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, with good cause appearing and no reason to delay,

IT IS HEREBY ORDERED that the Motion for Relief of Judgment **[ECF No. 13] is DENIED**;

IT IS FURTHER ORDERED that **this action is DISMISSED.** The Clerk of Court is directed to CLOSE THIS CASE.

Dated: December 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[11] ECF No. 11.